STATE EX REL. BORDEAUX, RELATRIX, *v.* SMITH, JUDGE, RESPONDENT.

(No. 2,948.)

(Submitted November 10, 1910.  Decided November 12, 1910.)

[111 Pac. 732.]

Divorce—Alimony—Enforcement—Contempt Proceedings—*Mandamus.*
1.   Plaintiff, having sued for a divorce from his wife, was ordered *pendente lite* to pay her $100 on the first of each month. . A decree was entered denying divorce to either party.   On May 27th defendant moved for a continuance of the alimony, which was denied, and an order made denying the same and adjudging her not entitled thereto.   This order by mistake was not entered until October 18th, when it was entered *nunc pro tunc.*   Plaintiff having refused to pay further alimony, defendant applied for process for contempt for his failure to pay the amount claimed to be due on June 1st.   *Held,* that whether or not the original order for alimony was still in force, it would be improper to enforce payment by contempt process.

APPLICATION by the state, on the relation of Ella F. Bordeaux, against Hon. J. Miller Smith, judge of the first judicial district, for writ of mandate.  Writ denied.

*Mr. John J. McHatton,* in behalf of Relatrix, submitted a brief, and argued the cause orally.

*Mr. L. P. Forestell,* and *Mr. I. A. Cohen,* in behalf of Respondent, submitted a brief.  *Mr. Forestell* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

Petition for writ of mandate.  The petition alleges that Ella F. Bordeaux is the defendant in an action for divorce, brought in the district court of Silver Bow county by John R. Bordeaux, her husband, which action is now pending, on plaintiff's appeal,

in this court; that the respondent, the Honorable J. Miller
Smith, a judge of the first judicial district, tried and determined
said cause in the second judicial district, and entered a judg-
ment and decree therein. A copy of the decree is embodied in
the petition, and recites that whereas the cause had been tried
to a jury, which disagreed, the court thereupon of its own
motion decided that neither of the parties was entitled to a
divorce, and that the action should be dismissed. The petition
further recites that on the twenty-fourth day of February, 1909,
an order *pendente lite* was entered, wherein the plaintiff was
directed to pay to the clerk of the court, for the defendant, the
sum of $100 per month on the first day of each and every month
until the final determination of the action, which order has
never been modified, set aside or vacated. It is further alleged
that under said order there was due the sum of $100 on the first
day of June, 1910, which sum plaintiff has refused to pay; that
thereafter the defendant filed in the district court an affidavit
setting forth that plaintiff had failed to comply with the order,
in that he failed to pay the said sum of $100 due on June 1,
1910; that the defendant thereupon moved that an order issue
directed to the plaintiff and his attorneys, requiring them to
show cause why they should not be punished for contempt in
failing and refusing to obey said order; that said motion was
presented to Judge Smith, who refused to grant the same, hold-
ing that the defendant was not entitled to have the plaintiff
pay any more money under said order; and that to issue said
order would be inconsistent with the decree already entered in
said cause. The petition further alleges that plaintiff's attor-
neys have advised him not to comply with the order, and that
he will not comply therewith unless compelled by contempt pro-
ceedings; also, that in said affidavit filed in the district court
the defendant charged the plaintiff and his attorneys with con-
tempt, the plaintiff for his failure to comply with the order, and
the attorneys for advising him not to comply therewith; that
the Honorable J. Miller Smith has refused and will refuse to
compel obedience to said order, and that it is and was within

the jurisdiction of Judge Smith to enforce the order and to adjudge said plaintiff and his attorneys guilty of contempt. The relatrix thereupon applied to this court for a writ of mandate directing Judge Smith to issue an order to the plaintiff and his attorneys, requiring them to show cause before him why they should not be punished for failure to comply with the order of the district court, and why said order should not be complied with; also directing Judge Smith, upon the hearing of said cause, to adjudge the plaintiff John R. Bordeaux guilty of contempt, and require him to fully comply with said order during the pendency of said cause.

Upon the filing of this petition this court issued an order substantially as prayed for. Thereafter counsel for the plaintiff obtained from the court a modification of the order. The modification was made without a hearing, and the order as modified directed the respondent judge to require the plaintiff and his attorneys to show cause before him why they should not be punished for contempt in failing to comply with the order mentioned in the petition, or that he show cause before this court on the twenty-fourth day of October, 1910, why he had not done so.

The respondent has answered setting forth the following matters: He denies that the order for the payment of alimony has never been set aside, modified, or vacated, and alleges the fact to be that on the twenty-seventh day of May, 1910, the defendant, by her attorney, in open court and in the presence of counsel for plaintiff, made an application to the court and moved that an order be made continuing the payment to her of alimony and maintenance; that the motion was denied, and an order was then and there duly made by the court, refusing to allow the defendant any further alimony or maintenance, and adjudging that she was not entitled thereto. The answer also denies that there was any sum due on June 1, 1910; admits that plaintiff refused to pay any further sum; alleges that the court made its order absolving him from such payment, and that his refusal to pay was in accordance with the order of the court made upon

the request of defendant and her counsel in open court, and not otherwise; admits that proceedings in contempt were instituted, that he as judge refused to sign an order as prayed for, and that he did so for the reason that the defendant was not entitled to any more money under said order; that to issue it would be inconsistent with the decree entered in the cause, and, further, that he refused to make said order because it would be inconsistent with the application made by the defendant at the time of the entry of judgment and with the court's order in denying said motion and relieving the plaintiff from the payment of further alimony. He further alleges that it would be inconsistent to make an order relieving the plaintiff from the payment of further alimony, and then to cite him to show cause why he should not be punished for contempt for failure to pay. Respondent further alleges that he has complied with the modified order to show cause issued out of this court, by issuing an order out of the district court requiring plaintiff and his attorneys to show cause on October 18, 1910, why they should not be punished for contempt, and that upon the date designated he heard said matter and fully determined the same in full compliance with the alternative writ and order of this court as modified.

The cause was heard in this court on the tenth day of November, 1910, and at the hearing the respondent introduced the minutes of the district court of Silver Bow county, showing that he had ordered the plaintiff and his attorneys to show cause before him as set forth in his answer; that the hearing was had and he determined that they were not in contempt, and had discharged them. He also offered in evidence a certified copy of a minute entry of that court, dated October 18, 1910, to the effect that: "Whereas the court's attention was on said day called to the fact that the minutes of the court of May 27, 1910, by inadvertence failed to show that on that date the defendant Ella F. Bordeaux, through her counsel and in the presence of the attorneys for the plaintiff, John R. Bordeaux, and in open court, made an application to the court for the continuance of

payment to her of alimony, and said motion and application were by the court denied, and the court held and ordered that defendant was not entitled to further alimony and the minutes are ordered corrected *nunc pro tunc* as of May 27, 1910.''

It is contended by counsel for relatrix that the original order requiring the plaintiff to pay a certain sum into court monthly is still in full force, and he should be required to comply therewith notwithstanding the judgment, and notwithstanding the order entered *nunc pro tunc* as of May 27, 1910, decreeing that the plaintiff should not thereafter be required to pay alimony. The argument of counsel is to the effect that, as said order is in full force and effect, it should be complied with notwithstanding the opinion of the district judge that it is no longer in force; that the matter may be reached through the instrumentality of contempt proceedings, and upon the hearing Judge Smith should have punished Bordeaux and his attorneys for failure to comply with the order, and should have required plaintiff to continue the payment of alimony. On the other hand, it is contended by counsel for the respondent, as set forth in his answer, that it would be inconsistent and unreasonable to punish Bordeaux and his attorneys as for a contempt, in view of the fact that the court which made the order for alimony had subsequently made another order absolving the plaintiff from any further payments. We have no doubt that the question whether the original order is still in full force and effect is one which the defendant is entitled to have decided in a proper proceeding. But we are equally certain that contempt proceedings, under the circumstances disclosed by the record, may not be resorted to for that purpose. It would be altogether unreasonable to require the respondent judge to punish the plaintiff and his attorneys as for a contempt under the circumstances of this case.

The proceedings are dismissed.

*Dismissed.*

Mr. Chief Justice Brantly concurs.

Mr. Justice Holloway, being absent, takes no part in the foregoing decision.